Whitaker, Judge,
delivered the opinion of the court:
Plaintiffs sue to recover additional compensation for the taking of certain meat by defendant during World War II.
*438 During the period involved in this suit, plaintiffs owned and operated a slaughtering plant, under a Class I slaughterer’s license issued by the Department of Agriculture, for the supply of meat to plaintiffs’ chain of 28 retail meat stores.
Beginning in August of 1943, all Class I slaughterers were required to set aside and hold for defendant’s use certain percentages of their production of beef and to deliver specified quantities of this beef to the armed services upon the issuance of purchase orders by defendant.[1] The setting aside and delivery of beef were compulsory. Severe criminal penalties were provided for noncompliance.
Plaintiffs, in compliance with the set-aside and purchase orders, set aside and made deliveries of various quantities of beef to defendant during the period November 6, 1943 to June 22,1946.
For all quantities of meat delivered to defendant under the compulsory set-aside and purchase orders during the period in question, plaintiffs were paid the maximum wholesale ceiling prices fixed by the Office of Price Administration. Plaintiffs claim they are entitled, in addition, to the difference between the wholesale ceiling price which they received and the retail ceiling price they could have realized if they had sold the meat through their retail stores.
Defendant has moved to dismiss that portion of plaintiffs’ claim arising out of deliveries of meat to defendant prior to June 1,1945, on the ground that those transactions, having occurred more than six years prior to the filing of plaintiffs’ petition on June 1, 1951, are barred by the statute of limitations.
Plaintiffs, relying on United States v. Dickinson, 331 U.S. 745, say that all deliveries of beef under the set-aside and purchase orders were part and parcel of a continuous act of taking by defendant for which they were not required to bring suit until the extent of their damages was definitely ascertainable. Plaintiffs say that the time their cause of *439 action fully accrued was either the date when the set-aside order was terminated, October 18, 1946, or the date of the last delivery of meat to defendant, June 22, 1946.
We think that the issuance and enforcement of the set-aside order by the United States requiring plaintiffs to set aside and, upon the issuance of purchase orders, to deliver specified quantities of beef to it constituted a taking of plaintiffs’ property for which they are entitled to just compensation. Liggett & Myers Tobacco Co. v. United States, 274 U.S. 215; Edward P. Stahel & Co. v. United States, 111 Ct. Cl. 682, cert. denied, 336 U.S. 951; Safeway Stores, Inc. v. United States, 118 Ct. Cl. 73, cert. denied, 341 U.S. 953. Cf. Oro Fino Consolidated Mines, Inc. v. United States, 118 Ct. Cl. 18, cert. denied, 341 U.S. 948. The setting aside and delivery of beef was compulsory; there was no voluntary sale to the Government. Deliveries under the purchase orders were not made pursuant to any contractual obligation, but under compulsion of the set-aside orders. A failure to comply with the orders would have subjected plaintiffs to severe criminal sanctions. See Safeway Stores, Inc. v. United States, supra.
But the taking here cannot be characterized as a series of separate transactions, as defendant contends. The set-aside order was continuous and required the setting aside and delivery of specified quantities of meat then on hand and thereafter to be produced so long as the order was in effect. See Liggett & Myers Tobacco Co. v. United States, supra. The order in question was a wartime measure, designed and intended to insure an adequate supply of meat for the use of the armed forces. By that order, followed by the purchase orders, defendant took a specified percentage of plaintiffs’ production of beef. Plaintiffs, however, had no way of ascertaining just how long the set-aside order would remain in effect or how much beef would be taken from them. We think, therefore, that the principle announced by the Supreme Court in United States v. Dickinson, supra, is applicable under the circumstances of this case. Under that *440 case plaintiff was not required to institute a suit within six years of the first taking and then another suit for the subsequent takings.
In the Diclcinson case, an action for the flooding of plaintiff’s land by the United States, the Court said that the injured party is not required to bring suit within six years from the date he could have first instituted suit but he may postpone bringing suit until the consequences of the taking “have so manifested themselves that a final account may be struck.” 331 U.S. 745, 749. See also Carl H. Klein v. United States, 152 Ct. Cl. 221, cert. denied, 366 U.S. 936.
It would not be reasonable to require plaintiffs to bring multiple suits for property taken pursuant to a continuing order, and it would be unreasonably burdensome on the United States to require it to defend such a multiplicity of claims. Plaintiffs were entitled to defer action until they knew how much of their property would be taken pursuant to the set-aside order and then bring one suit for all of it.
Until the set-aside order was terminated on October 18, 1946, plaintiffs had no way of determining how much meat would be requisitioned by defendant, consequently, their damages could not be definitely ascertained until that time. We think that it was not until that date that the consequences of the taking had so manifested themselves that a final account could have been struck. Certainly it cannot be said that a final account could have been struck before June 22, 1946, the date of the last delivery of meat by plaintiffs. Neither date was more than six years prior to the filing of suit; hence, no portion of the claim is barred by the statute of limitations.
Defendant’s motion must therefore be denied.
It is so ordered.
Reed, Justice (Bet.), sitting by designation; Dureee, Judge; and LaRamoee, Judge, concur.
JoNes, Chief Judge, took no part in the consideration and decision of this case.

 Food Distribution Order 75-2, 8 F.R. 11326.